IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| WHITAKER MARINE GROUP, LLC, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) Case No. 5:21-cv-149 (TBR) <br> DAUPHIN MARINE MANAGEMENT, LLC, ) <br> ) <br> *Defendant.* ) <br> ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Whitaker Marine Group filed a complaint against Dauphin alleging breach of contract regarding a towing services agreement (Count 1); breach of contract regarding a charter agreement (Count 2), and replevin (Count 3). *See* Complaint, (Compl.), Dkt. 1, ¶¶ 18–44. Dauphin now seeks to add Graestone Logistics, LLC as a third-party defendant on the basis that Graestone, pursuant to a subcharter agreement, "was required to undertake and meet all obligations under the Bareboat Charter Agreement between Plaintiff and Defendant." *See* Mot for Leave to File Third-Party Complaint, (Mot.), Dkt. 13, ¶¶ 10–11. However, Dauphin alleges that "Graestone has failed to honor the obligations; and as such, has breached its terms, causing Defendant to default its obligations under the Bareboat Charter Agreement with Whitaker." *Id.* ¶ 12.

Fed. R. Civ. P. 14(a) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D. Ky. 1971).

1

A third-party complaint cannot "be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim." *Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citing *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987)). Rather, "a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Id.*

Dauphin has alleged an independent claim that is inappropriate for a Fed. R. Civ. P. 14 motion. *Starnes Fam. Off., LLC v. McCullar*, 765 F. Supp. 2d 1036 (W.D. Tenn. 2011) is instructive here. In *Starnes*, a plaintiff sued a defendant on financial obligations. *See id.* at 1058. That defendant alleged that a third-party defendant committed various legal violations for which he should compensate the defendant. *See id.* However, the *Starnes* court found that if the defendant were found liable to the plaintiff, the defendant's claims against the third-party defendant "would in no way shift that liability." *Id.* (quoting *Presidential Facility, LLC v. Debbas*, No. 09-12346, 2010 WL 3522450, at *7 (E.D. Mich. Sept. 8, 2010)). The *Starnes* court therefore concluded that the defendant's claims for, *inter alia*, breach of contract were not appropriate under Rule 14(a). *See id.*

Dauphin alleges that "Graestone has not paid Dauphin; and Dauphine has not paid Whitaker the full amount owing." Mot. ¶ 8. Like the defendant in *Starnes*, Dauphin's claims against Graestone are independent claims "that could be pursued in a separate case." *Starnes Fam. Off., LLC*, 765 F. Supp. 2d at 1058 (quoting *Ohio Farmers Ins. Co. v. Special Coatings, LLC*, No. 3:07-1224, 2008 WL 5378079, at *14 (M.D. Tenn. Dec. 23, 2008)). Put differently, Dauphin has not demonstrated how Graestone "is or may be liable" to Whitaker for the claims in the Complaint. Fed. R. Civ. P. 14(a). Perhaps there is another way for Dauphin to bring

Graestone into this lawsuit. As pled, however, Dauphin's third-party complaint under Rule 14 is improper. The Court erred when it previously granted Dauphin's Motion for Leave to File Third-Party Complaint. *See* Order, Dkt. 16.

For the above stated reasons, **IT IS HEREBY ORDERED** that the Court's June 3, 2022, Order, Dkt. 16, is **VACATED** and the June 3, 2022, Third-Party Complaint, Dkt. 17, is hereby **STRICKEN** from the record.

**IT IS SO ORDERED**

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 6, 2022